**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |   |
|---|---|---|---|
| IN RE: | FRANCIS MORELL, | : | Chapter 13 |
|   |   | : |   |
|   | Debtor. | : | Bky. No. 11-17318 ELF |
|   |   | : |   |

# O R D E R

   **AND NOW, WHEREAS**:

A. Debtor Francis Morell ("the Debtor") commenced this chapter 13 bankruptcy case on **September 20, 2011**.

B. On **November 29, 2011**, the Debtor filed a Motion for Contempt against Dominion Management of DE ("Dominion") (Doc. # 26).

C. On **January 17, 2012**, the Debtor filed an Amended Motion for Contempt ("the Amended Motion") (Doc. # 40) against Dominion and Sudaiyah RePo, Inc. ("SRP").

D. On **February 17, 2012**, Dominion filed a response to the Amended Motion (Doc. # 55).

E. SRP did not file a response to the Amended Motion.

\*   \*   \*   \*

F. At the time of the filing of the bankruptcy case, the Debtor owed a debt to Dominion secured by the Debtor's automobile.[1]

---

[1] In Schedule D, the Debtor valued the automobile at $4,500.00 and stated that it was subject to a secured claim of $1,600 held by Dominion.

G. In the Amended Motion, the Debtor alleged that Dominion and SRP violated the automatic stay, 11 U.S.C. §362(a), by attempting to repossess the Debtor's automobile during the evening of **November 21, 2011**.  (See Amended Motion ¶12).

H. A hearing on the Amended Motion was held and concluded on **February 21, 2012**.

I. Based on the evidence presented at the hearing, the Debtor requested that the court hold Dominion and SRP "in contempt of court" and award him damages for emotional distress.

J. Dominion appeared at the hearing and contested the Amended Motion as to both liability and damages.

K. SRP did not appear at the hearing.

L. The Debtor's theory of the case was that SRP violated the automatic stay and did so while acting as Dominion's agent.  Consequently, the Debtor argued that SRP was liable for its own actions and Dominion was vicariously liable as SRP's principal.

M. Dominion's defense on the issue of liability was that, although it had retained SRP as its agent to repossess the Debtor's automobile prior to the commencement of the bankruptcy case, after receiving notice of the bankruptcy filing, it canceled the repossession work-order. Consequently, according to Dominion. any actions SRP took after the cancellation of the work order were without Dominion's consent or authority and outside the scope of any prior principal-agent relationship between Dominion and SRP.

N. The Debtor disputed both the factual and legal basis of Dominion's asserted defense.

\* \* \* \*

O. After the hearing, the Debtor and Dominion submitted memoranda of law in support of their respective positions, the last of which was filed on **March 13, 2012**.  (See Doc. #'s 61, 65).

P. Thereafter, on **May 31, 2012**, while this contested matter remained under advisement, the Debtor and Dominion filed a Stipulation settling the dispute between them ("the Dominion Settlement").  (Doc. # 81).

Q. The Dominion Settlement, which was approved by the court on **June 14, 2012** (Doc. # 82), provided for:

>  (1) a payment by Dominion to the Debtor of $3,500.00;
>
>  (2) a release of the Debtor's claims against Dominion and dismissal of his claims against Dominion;
>
>  (3) return of title to the subject automobile to the Debtor and the voiding of Dominion's security interest therein;
>
>  (4) the reservation of the Debtor's right "to pursue" SRP based on the allegations in the Amended Motion.[2]

\* \* \* \*

R. The evidence at the hearing established that a representative of SRP violated the automatic stay by attempting to repossess the Debtor's automobile on **November 21, 2011**.

S. A bankruptcy debtor is entitled to damages for emotional distress caused by the violation of the automatic stay, even in the absence of corroborating medical evidence.  See, e.g., In re

---

[2] The Stipulation includes a "confidentiality" provision. However, the parties made no request that the Stipulation be filed under seal and, to this day, the Stipulation remains available for public inspection on the court's electronic case docket.

-3-

Meyers, 344 B.R. 61, 66-67 (Bankr. E.D. Pa. 2006); see also In re Wassem, 456 B.R. 566, 570 (Bankr. M.D. Fla. 2009).

T.   Assuming arguendo that the Dominion Settlement did not release SRP from liability by operation of law,[3] the Debtor nonetheless is not entitled to an award of damages for SRP's violation of the automatic stay because:

>   (1) the Debtor was not a credible witness regarding the extent of the emotional distress he claims to have suffered;

---

[3]   In Pennsylvania, the general rule is that with respect to a claim based on the vicarious liability of a principal for the actions of its agent, settlement of the claim against the principal releases the agent. See Pallante v. Harcourt Brace Jovanovich, Inc., 629 A.2d 146, 149 (Pa. Super. Ct. 1993). (I refer to Pennsylvania law because it is not settled whether the meaning and consequences of settlement agreements reached on federal claims are governed by state law or federal common law, see Powell v. Omnicom, 497 F.3d 124, 129 n. 1 (2d Cir. 2007), and my research reveals no definitive federal common law authority on the subject of the effect of the settlement by the principal on the liability of an agent).

The rationale for the Pennsylvania rule that the release of the principal also releases the agent is that:

> Once a person settles with the vicariously liable principal the injurious conduct in which the agent engaged has been compensated for. The independent negligent act of the agent is the subject of the settlement with the principal. When the principal receives a release from the injured party for claims based upon the act of the agent, the injured party has been compensated for the harm suffered as a result of that act. Any claim against the agent is thereby extinguished.

Id. at 149; see also Restatement (Third) of Torts: Apportionment of Liability §16, cmt. d (2000).

In 2010, the Pennsylvania Supreme Court held that the general rule expressed in Pallante inapplicable in a medical malpractice action involving a number of defendants in which the settlement with the principal reserved the plaintiff's right to proceed against the agents. Maloney v. Valley Medical Facilities, Inc., 984 A.2d 478 (2009). The court suggested, more generally, that Pallante's holding may be limited to "a simple fact pattern involving a single principal, a single agent and a single event." Id. at 485. The court left for another day consideration of Pallante's application to "other settlement scenarios." Id. at 491.

The facts in the present matter may be more akin to those in Pallante rather than Maloney. But see Ross v. Foremost Ins. Co., 998 A.2d 648, 653 (Pa. Super. Ct. 2010) (applying Maloney based solely on the reservation of rights in the settlement agreement). However, for the reasons expressed in Paragraphs S.(3)-(4). & n.5, infra, it is unnecessary to decide the issue.

(2) while the Debtor undoubtedly was upset by the unlawful repossession attempt that occurred November 21, 2012, the violation of the automatic stay caused him neither a substantial degree of either temporary on long-term emotional distress;[4]

(3) the Debtor's recoverable damages on his claim against SRP must be reduced by the amount of compensation he received in the Dominion Settlement; and

(4) the compensation the Debtor received in the Dominion Settlement exceeded the amount of damages he suffered as a result of SRP's violation of the automatic stay.[5]

\* \* \* \*

It is therefore **ORDERED** that the Amended Motion is **DENIED**.

**Date: August 1, 2012**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[4]     I base the findings set forth in Paragraphs S.(1)-(2) on the content of the Debtor's testimony, the absence of corroborative medical evidence and my observation and assessment of the Debtor's demeanor during his testimony.

[5]     Even if the parties' expressed intent in the Dominion Settlement served to preserve the Debtor's claims against Dominion's agent, I predict that the Pennsylvania Supreme Court would hold (or federal common law, if applicable, would provide) that the claims against the agent should be reduced by the consideration paid by the settling principal. This is what occurred in Maloney, albeit by agreement of the parties. Application of that legal principle results in the denial of to the Debtor because I find that the Debtor was fully compensated for his damages by the settlement package that he received from Dominion.